## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Mario D. Blue, | ) | CASE NO. 1:24 CV 2244 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | Memorandum of Opinion and Order |
| Monarch Recovery Management, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

*Pro se* Plaintiff Mario D. Blue ("Blue") filed a Complaint against Monarch Recovery Management, Inc. ("Monarch") in the Cuyahoga County Court of Common Pleas alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. Defendant removed the action to this Court.

### BACKGROUND

In his Complaint, Blue states that he received a letter from Monarch, dated November 5, 2024, alleging that he owed a debt to creditor U.S. Bank in the amount of $2,234.00. The letter clearly identifies Monarch as a debt collector and states that the letter was an attempt to collect a debt. (Doc. No. 1 at PageID #: 7). Blue sent a "Dispute Notice" to Monarch on November 14, 2024, asking it to "validate this alleged debt and to provide to [him] the name and address of the original creditor by mail to [his] home address… ." (Doc. No 1 at PageID

1

#: 8). In his "Dispute Notice," and in direct contravention of his request for validation of the alleged debt and information concerning the original creditor, Blue then included the following notice to Monarch:

> "Pursuant to 15 U.S.C. § 1692c(c) I am now notifying this entity in writing that I refuse to pay the alleged debt & that I wish for the cease of further communication with me pertaining to this matter. This entity shall not communicate further with me with respect to such alleged debt. DO NOT CONTACT ME BY MAIL, EMAIL, PHONE CALL OR ANY FORMS OF COMMUNICATION IN REGARDS TO THIS ALLEGED DEBT."

 (Doc. No. 1 at PageID #: 8).

Blue also sent a "Violation Review" to Monarch on the same day that he sent the "Dispute Notice", setting forth four claimed Violations. First, Blue claimed that Monarch had violated 15 U.S.C. § 1692c(a) because he had not given prior consent to Monarch to communicate with him regarding the debt and Monarch had not received the express permission of a court of competent jurisdiction to contact him about the alleged debt. (Doc. No. 1 at PageID #: 9). Second, Blue claimed that Monarch had used obscene language when communicating with him in violation of 15 U.S.C. § 1692d(2). Blue does not explain this claim or provide facts to indicate which communication he deemed to be obscene. The letter Monarch sent to Blue on November 5, 2024, did not contain profanity or obscenity. Third, Blue claimed that Monarch violated 15 U.S.C. § 1692e(14) because it had used the name of another company other than the true name of the debt collector's business, company or organization. (Doc. No. 1 at PageID #: 9). Fourth, Blue claimed that Monarch violated 15 U.S.C. § 1692j(a) because it had used a form that created the false belief "that a person is participating in the collection of or in an attempt to collect a debt such consumer allegedly

owes such creditor, when in fact such person is not so participating."  (Doc. No. 1 at PageID #: 9).

Blue's Complaint simply lists the claims asserted in the "Violation Review."  The Complaint is also devoid of allegations or explanations of the claims asserted.  Blue seeks $15,000.00 in damages.

**STANDARD OF REVIEW**

The Court is required to construe a Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, (1972)).  Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.  *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

**DISCUSSION**

The crux of Blue's Complaint is that the November 5, 2024 letter he received from the Defendant violated the FDCPA.  He asserts that the letter constituted a violation of 15 U.S.C. §§ 1692c(a), 1692d(2), 1692j(a), and 1692e(14).

Blue first claims that the letter violated 15 U.S.C. § 1692c(a) because he did not give prior consent to Monarch to communicate with him about the debt, nor did Monarch receive express permission from a court to contact him about the debt.  Section 1692c(a), however, provides that consent to communicate about a debt (or the court's permission) is required only under three scenarios: (1) if the collection is "at any unusual time or place or a time or place known to be inconvenient to the consumer"; (2) if the debt collector knows the consumer is represented by counsel; or (3) if the debt collector intends to contact the consumer at his or her place of employment and the debt collector knows the employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a).  Blue's Complaint contains no facts suggesting any of the above circumstances apply.

Blue next contends that Monarch used obscene language when communicating with him in violation of 15 U.S.C. §1692d(2).  He does not include any factual allegations that explain this claim.  The only communication that is mentioned in the Complaint is the November 5, 2024 letter Monarch sent to Blue.  That letter does not contain anything that could possibly be considered obscene.  (Doc. No. 1 at PageID #: 7).  This claim in entirely conclusory and lacks any basis in fact.

Blue also claims that Monarch violated 15 U.S.C. § 1692j(a), stating that Monarch used a "deceptive form," and the November 5, 2024 letter "create[d] the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." (See Doc. No. 1 at PageID #: 6). The letter, however, clearly identifies the creditor as US Bank, identifies Monarch as the debt collector, and states that the letter is being sent for the purpose of collecting a debt on behalf of US

4

Bank.  (No. 1 at PageID #: 7).  The Complaint contains no facts that suggest Monarch was not authorized by US Bank to collect the debt.

Finally, Blue alleges that Monarch violated 15 U.S.C. § 1692e(14) because the November 5, 2024 letter used the name of another company, US Bank, which is not the true name of the debt collector business.  Section 1692e(14) prohibits a debt collector from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." 15 U.S.C. § 1692e(14).  The November 5, 2024 letter identifies US Bank as the creditor and Monarch as the debt collector for a debt owed to US Bank.  Monarch was not using the name US Bank as its own name but rather was merely explaining to Blue that US Bank is the creditor for whom Defendant is collecting a debt.

In fact, Blue appears to have utilized a preprinted form from the internet and merely checked boxes for different causes of action under the FDCPA.  He made no attempt to apply those statutes to the facts of his case.  Indeed, the Complaint and its attachments demonstrate that Monarch sent one letter attempting to collect the debt owed to US Bank and indicating that their client had authorized them to negotiate a settlement for a lesser amount.  There is no suggestion in the Complaint that Monarch had any other communications with Blue or that they behaved inappropriately in their singular contact with him.  His Complaint is so unsubstantial, frivolous, and devoid of merit" that dismissal is required. *Apple*, 183 F.3d at 479.

Furthermore, Blue has already been told by this federal court that the form Complaint he used in this action is frivolous.  He filed a nearly identical Complaint in August 2022 against Midland Credit Management, Inc. asserting the same claims and failing to allege any

additional facts. *Blue v. Midland Credit Management, Inc*, No. 1:22-cv-01518-DAP (N.D. Ohio Nov. 2, 2022). That case was dismissed on the Defendant's Motion for Judgment on the Pleadings, and Blue was told that his claims were baseless.

Moreover, Blue has an extensive history of filing frivolous cases against his creditors in this Court. He filed five cases challenging his child support collection under the FDCPA. *See Blue v. Ryan*, No. 1:19-cv-00962-SO (N.D. Ohio Oct. 31, 2019); *Blue v. U.S. Department of Treasury Bureau of the Fiscal Service*, 1:19-cv-01681-PAB (N.D. Ohio Nov. 14, 2019); *Blue v. US Department of Treasury*, 1:19-cv-01926-PAB (N.D. Ohio Dec. 27, 2019); *Blue v. Wendy R*, No. 1:20-cv-00134-SO (N.D. Ohio May 4, 2020). After his fourth case, the Court warned him that he would be denied *in forma pauperis* status and would potentially be permanently enjoined from filing future actions without leave of court if he continued to file frivolous claims. *Blue v. Wendy R*, No. 1:20-cv-00134-SO (N.D. Ohio May 4, 2020).

Undeterred, Blue filed a fifth case, *Blue v. CSEA*, No. 1:20-cv-02423-DAP (N.D. Ohio Feb. 24, 2021), and once again challenged the collection of child support under the FDCPA. United States District Court Judge Dan Aaron Polster stated that Blue had already been warned that future claims related to his child support obligations would result in the loss of his ability to proceed *in forma pauperis*. He was also notified that his claims lacked merit. Despite these warnings, he filed another lawsuit with similar frivolous claims. Judge Polster denied his Application to Proceed *In Forma Pauperis*, and dismissed the case without prejudice, stating Blue could file a Motion to Reopen the case after he paid the full filing fee of $ 403.00. Despite Judge Polster's statement that the case was frivolous, Blue paid the filing fee and filed a Motion to Reopen. Judge Polster denied the Motion and permanently

6

enjoined Blue from filing additional actions in the Court without first seeking and obtaining leave to do so. *Id.*

Thereafter, Blue attempted to file another action in this Court, and requested leave to proceed. *Blue v. Founders Insurance Company*. No. 1:23-mc-00045-DAR (N.D. Ohio Mar. 27, 2024). Judge Ruiz determined that Blue's proposed Complaint did not suggest a non-frivolous claim against the Defendant over which this Court would have jurisdiction and denied the request.

Blue then turned to state court to file his FDCPA claims against his creditors. The Defendants in those cases removed them to this federal court, providing a way for Blue to bypass the enjoining Order. *See Blue v. Fifth Third Bank*, No. 1:21-cv-01609-DCN (N.D. Ohio Dec, 6, 2021); *Blue v. Capital One Auto Finance*, No. 1:22-cv-00518-CEF (N.D. Ohio Apr. 12, 2022); *Blue v. Midland Credit Management, Inc*., No. 1:22-cv-01518-DAP (N.D. Ohio Nov. 2, 2022); *Blue v. Factual Data, Inc*., No. 1:23-cv-01182-DAR (N.D. Ohio Mar. 28, 2024). *Blue v. Trans Union*, LLC1:23-cv-01125-SO (N.D. Ohio Sep. 18, 2024). All of these cases were dismissed as frivolous. In addition to this case, he filed one other case in state court that was removed to this federal court. *Blue v. MRS BPO, LLC*, No. 1:25-cv-00291-SO (N.D. Ohio filed Feb. 13, 2025). That case is still pending.

It is apparent that unless the Court takes additional steps to prevent Plaintiff from circumventing the prior enjoining Order, Plaintiff will continue to file frivolous actions to harass his creditors and the Court. Therefore, pursuant to Judge Polster's Order in *Blue v. CSEA*, No. 1:20-cv-02423-DAP (N.D. Ohio Feb. 24, 2021), Plaintiff is permanently enjoined from filing or proceeding with any new lawsuits or other documents in this Court without first seeking and obtaining leave of court. This Court adds to that prior enjoining Order to

clarify that leave to proceed is required regardless of whether a case is filed in this federal court originally or transferred or removed to this Court by another federal or state court. If Plaintiff files a case in another court and that case is transferred to this Court, Plaintiff must seek leave to proceed with the case in this Court within thirty (30) days of the date of removal or transfer or the case will be dismissed without notice. To obtain leave to proceed, Plaintiff must file a "Motion Pursuant to Court Order Seeking Leave to Proceed," and must attach a copy of this Order to the Motion. The Court will stay the case and will not accept any other documents for filing unless leave to proceed has been granted. The Court will deny any Motion for Leave if the proposed pleading lacks merit, the proposed pleading is deemed to be vexatious or harassing, or if Plaintiff does not comply with the steps set forth in this Order. If the Motion is denied, the case will be dismissed without prior notice. Moreover, Plaintiff's failure to comply with the terms of this Order may be considered an act of contempt for which Plaintiff may be sanctioned. Plaintiff is reminded that even if he is granted leave to proceed with filing an action, he is barred from proceeding *in forma pauperis*.

**CONCLUSION**

Accordingly, this action is dismissed. Plaintiff is enjoined from filing any new lawsuits in the Northern District of Ohio without first seeking an obtaining leave to do so. If Plaintiff files an action in another federal or state court and it is transferred or removed to this Court, the case will be stayed, and Plaintiff must seek leave to proceed with the action within thirty (30) days of the transfer or removal. If Plaintiff fails to seek leave to proceed in the time specified in this Order, the case will be dismissed without notice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

8

**IT IS SO ORDERED.**

Date:    2/27/2025

PAMELA A. BARKER
U. S. DISTRICT JUDGE